IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


LAURA DENTON                                                    PLAINTIFF


        v.                           CIVIL NO. 17-5010


NANCY A. BERRYHILL, Commissioner
Social Security Administration                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Laura Denton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on July 31, 2014, alleging an inability to work since May 6, 2013, due to fibromyalgia, depression, post-traumatic stress, a knee injury, an ankle injury, chronic migraines and asthma. (Tr. 80, 149). For DIB purposes, Plaintiff maintained insured status through September 30, 2014. (Tr. 151). An administrative hearing was held on October 19, 2015, at which Plaintiff was informed of her right to representation; however, Plaintiff chose to appear and testify without the assistance of an attorney or other representative. (Tr. 30-78).

By written decision dated November 23, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr.

1

16). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: A depressive disorder; left knee bursitis; chondromalacia patella; osteoarthritis; a history of asthma; vitamin D and B12 deficiencies; gastroesophageal reflux disease (GERD); myalgias; and obesity. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except occasional bend, stoop, kneel, and crouch; never crawl; no climbing ladders, ropes, or scaffolds; no hazards such as unprotected heights or dangerous machinery; use of a cane to ambulate to the work station but (sic) while at the work station; occasional exposure to dust, fumes, smoke, and chemicals; and can understand, remember, and carry out more than simple instructions, but no complex instructions.

(Tr. 18, 69). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform her past relevant work as a payroll clerk/payroll specialist. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on December 16, 2016. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must

be affirmed if the record contains substantial evidence to support it. <u>Edwards v. Barnhart</u>, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. <u>Haley v. Massanari</u>, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. <u>Young v. Apfel</u>, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. <u>See</u> <u>Sledge v. Astrue</u>, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), <u>aff'd</u>, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 13th day of March 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE